casional outbreak in court so upset jurors as to impair their ability to further fairly function.

Other assignments of error will not be considered specifically. They were not seriously pressed on the oral argument, and we are satisfied that no error was committed in respect to any of them. The indictment followed the form of one that had been approved by this court.

The judgment is

Affirmed.

The record discloses that the sole challenge to the judgment of the court is that a fine was not assessed in addition to the penitentiary sentence. If the writ were granted, the appellant would, under the decisions, be remanded to the trial court for the purpose of assessing a fine, there to be returned to the penitentiary to complete the sentence. The function of habeas corpus is to release from unlawful imprisonment and not to correct immaterial flaws in judgments which do not prejudice the petitioner.

The appeal is dismissed.

## WOODS v. ZERBST, Warden.

### No. 1457.

Circuit Court of Appeals, Tenth Circuit.

July 28, 1936.

Before LEWIS and McDERMOTT, Circuit Judges.

PER CURIAM.

Action in habeas corpus. The motion to proceed in forma pauperis is denied.

## ODEKIRK v. RYAN, Superintendent of Detention Farm.

### No. 7394.

Circuit Court of Appeals, Sixth Circuit.

June 30, 1936.

